UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION at ASHLAND**

BARBARA LOUISE FULTZ )
)
    Plaintiff, )
) Civil Action No. 0:09-112-JMH
)
v. )
)
MICHAEL J. ASTRUE, COMMISSIONER ) **MEMORANDUM OPINION AND ORDER**
OF SOCIAL SECURITY, )
)
    Defendant. )
)
)

          \*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court on cross motions for summary judgment [Record Nos. 8 and 9][1] on Plaintiff's appeal of the Commissioner's denial of her application for supplemental security income and disability insurance benefits. The Court, having reviewed the record and being otherwise advised, will deny the plaintiff's motion and grant the defendant's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Barbara Louise Fultz filed for a period of disability, disability insurance, and Supplemental Security Income benefits on December 1, 2006 (Transcript of Record, "TR," at 102-106). Plaintiff alleged that she has been disabled since October

---

[1] These are not traditional Rule 56 cross motions for summary judgment. Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

2, 2006. This claim was denied initially and upon reconsideration. (Tr. 42-43, 47-52, 62-68). A formal hearing was held on November 5, 2008, and in a decision dated April 14, 2009, Administrative Law Judge ("ALJ") Michelle D. Cavadi concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 9-18) Plaintiff was 47 years old on the date of the ALJ's decision. (Tr. 18).

The ALJ's specific findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

2. The claimant has not engaged in substantial gainful activity since October 2, 2006, the alleged onset date.

3. The claimant has the following severe impairments: depression, panic disorder, sleep apnea, and hernia requiring repair.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functioning capacity to perform light work; however, she is limited to occasional climbing of ropes, ladders, or scaffolds; occasional kneeling, crouching, stooping, balancing, or crawling; and she should avoid concentrated exposure to vibration. Additionally, due to her mental impairments, the claimant should have no contact with the public, and she is only capable of routine changes in the work environment and work that is task-oriented and can be learned in one or two steps.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on July 12, 1961 and was 45 years old, which is defined as a younger individual age

18-49, on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 2, 2006 through the date of this decision.

(TR at 11-18) (citations omitted).

Plaintiff has exhausted her administrative remedies, and this matter is now ripe for review on Plaintiff's appeal to this Court. Plaintiff specifically argues that the Commissioner erred by failing to give proper weight to the opinions of treating psychiatrist, Dr. Sandeep Saroch, and consultative psychiatrist, Dr. Stuart Cooke, by failing to give proper weight to Plaintiff's testimony and her credibility, and that the ALJ's opinion was not supported by substantial evidence. Thus, Plaintiff argues, the Commissioner's decision must be reversed, or in the alternative, that this matter should be remanded to fully and fairly develop the evidence, to resolve any inconsistencies, to utilize all the evidence in the record in making a disability judgment and to render a correct assessment of Plaintiff's residual functional

capacity.

## II. OVERVIEW OF THE ALJ HEARING

In determining whether a claimant is disabled or not, the ALJ conducts a five-step analysis:

> 1.) Is the individual engaging in substantial gainful activity? If the individual is engaging in substantial gainful activity, the individual is not disabled, regardless of the claimant's medical condition.
>
> 2.) Does the individual have a severe impairment? If not, the individual is not disabled. If so, proceed to step 3.
>
> 3.) Does the individual's impairment(s) meet or equal the severity of an impairment listed in appendix 1, subpart P of part 404 of the Social Security Regulations? If so, the individual is disabled. If not, proceed to step 4.
>
> 4.) Does the individual's impairment(s) prevent him or her from doing his or her past relevant work, considering his or her residual functioning capacity? If not, the individual is not disabled. If so, proceed to step 5.
>
> 5.) Does the individual's impairment(s) prevent him or her from performing other work that exists in the national economy, considering his or her residual functioning capacity together with the "vocational factors" of age, education, and work experience? If so, the individual is disabled. If not, the individual is not disabled.

*Heston v. Comm'r of Social Security*, 245 F.3d 528, 530 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

## III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, *see* 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion. *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

## IV. ANALYSIS

The ALJ determined that Plaintiff did not prove that her mental impairments meet or equaled Listings 12.03, pertaining to psychotic disorders, or 12.04, affective disorders. See 20 C.F.R. 404, subpt. P, app. 1 §§ 12.03, 12.04. When a claimant alleges that her impairments meet or equal a listed impairment, she must present specific medical findings that satisfy all of the criteria of the particular listing. See 20 C.F.R. §§ 404.1520(d), 416.920(d), 404.1525, 416.925, 404.1526, 416.926; *Sullivan v. Zebley*, 493 U.S.

5

521, 530-32 (1990); *Foster*, 279 F.3d at 354; *Hale v. Secretary of Health and Human Services*, 816 F.2d 1078, 1082-83 (6th Cir. 1987); *Dorton v. Heckler*, 789 F.2d 363, 365-67 (6th Cir. 1986).

Plaintiff claims that she satisfies subpart A of 12.03 because she suffers from "grossly disorganized behavior and incoherence, loosening of associates and suffers from withdrawal and isolation" Plaintiff further submits that she qualifies under subpart A of 12.04 because she suffers from depressive syndrome characterized by feelings of guilt or worthlessness, difficulty concentrating or thinking, thoughts of suicide, hallucinations, delusions and paranoid thinking. These symptoms, Plaintiff contends, allow her to meet the requirements of subpart B of both 12.03 and 12.04 because they result in marked restriction of activities in daily living and marked difficulties in maintaining social functioning and concentration persistence or pace.

Substantial evidence supports the ALJ's determination that Plaintiff did not meet the criteria set forth under subparts A and B of 12.03 and 12.04. Plaintiff was diagnosed by Dr. Saroch in April of 2007 with bipolar disorder. (Tr 455 - 458). Treating providers Drs. Saroch and Chua assessed GAF scores of 55, which indicates moderate symptoms or moderate difficulty in social, occupational or school functioning. American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000). (TR 458, 514). Dr. Saroch's treatment notes reveal periods

6

where Plaintiff failed to exhibit depressive symptoms, or exhibited only mild symptoms, which indicates that her medications were adequate to control her symptoms. (Tr 454 - 473). Additionally, Dr. Sandoch often observed that Plaintiff's symptoms were stable or improved. (Tr. 459-460, 465-470, 472-473). Additionally, while Dr. Sandoch occasionally noted that Plaintiff was exhibiting paranoid symptoms, he consistently indicated that she was not experiencing hallucinations or delusions during her treatment. (Tr. 459-461, 465-473). Dr. Chua noted during Plaintiff's first visit in September of 2008 that Plaintiff was depressed and anxious, but her behavior and speech were appropriate. Her perceptions and thought processes, associations, and content were intact and her cognition was normal. (Tr. 515-516). Importantly, the treatment notes indicate that Plaintiff's symptoms were not so severe that she qualified under these provisions.

Additionally, the record demonstrates that Plaintiff is able to perform a number of household tasks, tend to her own personal needs and, with assistance, provide primary care for her three grandchildren. Plaintiff socializes with her family on a daily basis, although she has limited socializing with other groups of people. Thus, the record contains sufficient evidence supporting the ALJ's finding that Plaintiff only has mild restrictions in activities of daily living, and moderate difficulties in social functioning and concentration.

7

Plaintiff also alleges that the ALJ failed to give proper deference to Plaintiff's treating physician, Dr. Saroch and one time examining consultant Dr. Cooke.

Treating sources are accorded significant weight if "well-supported by medically acceptable . . . techniques and . . . not inconsistent with the other substantial evidence in [the] case record . . . ." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). A treating source's opinion may be afforded great weight only if it is based on objective medical evidence and not contradicted by substantial evidence. See *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004); *Warner v. Commissioner of Social Security*, 375 F.3d 387, 390 (6th Cir. 2004); Cutlip, 25 F.3d at 287. The opinions of treating physicians are entitled to much deference, see *Warner v. Comm'r of Social Security*, 375 F.3d 387, 390 (6th Cir. 2004); however, the deference given to a particular physician's opinion depends upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support his opinion, how consistent the opinion is with the record as a whole, the specialty of the medical source, and other factors. See 20 C.F.R. § 404.1527(d); see also *Walters v. Comm'r of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). ALJ's are not required to defer to the opinions of consultive examiners, like Dr. Cooke, and their opinions are also weighed using these factors. *See Smith v.*

*Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir. 2007); *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994).

Furthermore, opinions on some issues, such as whether the claimant is disabled and the claimant's RFC, "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(e); see Social Security Ruling (SSR) 96-5p. As the Sixth Circuit has stated, "[t]he determination of disability is ultimately the prerogative of the Commissioner, not the treating physician." *Warner*, 375 F.3d at 391.

Here, the ALJ gave little weight to Dr. Saroch's evaluation because it was inconsistent with the record as a whole, and particularly with Dr. Saroch's prior treatment notes. See 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."). Dr. Saroch's medical capacities assessment relies heavily on the subjective reports of Plaintiff and assigns limitations far greater than those described in Dr. Saroch's notes over the course of more than a year of treatment. The last time Plaintiff saw Dr. Saroch, which was prior to his evaluation, Plaintiff had no symptoms of anxiety, or depression and her condition was stable. As noted above, Dr. Saroch reported that

9

Plaintiff's symptoms were mild and that her condition was stable, or often improved during the year that she received treatment from Dr. Saroch. Those findings are in stark contrast to the evaluation offered by Dr. Saroch. Consistent with his treatment notes, however, Dr. Saroch noted that Plaintiff's condition could be managed with medication, which is inconsistent with a disabling condition. See 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv); *Blacha v. Secretary of Health and Human Services*, 927 F.2d 228, 231 (6th Cir. 1990); *Houston v. Secretary of Health and Human Services*, 736 F.2d 365, 367 (6th Cir. 1984); see also *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993); *Warford v. Bowen,* 875 F.2d 671, 673 (8th Cir. 1989). Finally, Dr. Chua's report is inconsistent with Dr. Saroch's [Tr. 511-17].

Similarly, Dr. Cooke's evaluation was inconsistent with the record as a whole. While Dr. Cooke assigned a GAF score of 55, indicating moderate symptoms, Dr. Cooke's evaluation assigns limitations that would be consistent with more serious symptoms. Dr. Cooke's assignment of a GAF score of 55 was consistent with other evidence in the record, including treatment notes and the state agency psychological consultants. As a consultant who only examined the Plaintiff on one occasion, Dr. Cooke's opinion is not entitled to deference. The ALJ properly considered the relevant factors in reaching her decision to afford Dr. Cooke's opinion little weight, and that decision is supported by substantial

evidence.

"The ALJ is charged with the responsibility of observing the demeanor and credibility of witnesses therefore his conclusions should be highly regarded." *Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1227 (6th Cir 1988). The claimant must demonstrate there is objective medical evidence of an underlying condition. See 20 C.F.R. § 416.929. If there is, the claimant must demonstrate either: (1) the objective medical evidence confirms the severity of the alleged pain; or (2) the objectively established medical condition is of such a severity it can reasonably be expected to produce the alleged disabling pain. See *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 853 (6th Cir. 1986); *Felisky v. Bowen*, 35 F.3d 1027, 1039 n.2 (6th Cir. 1994); *Walters v. Comm'r of Social Security,* 127 F.2d 525, 531 (6th Cir. 1997)("The absence of sufficient objective medical evidence makes credibility a particularly relevant issue, and in such circumstances, this court will generally defer to the Commissioner's assessment when it is supported by an adequate basis.").

Plaintiff specifically challenges the sufficiency of the ALJ's findings. Plaintiff argues that more is required than a simple statement that Plaintiff's hearing testimony was not supported by the medical evidence.

Contrary to Plaintiff's argument, the ALJ set forth a detailed

11

rationale for his conclusion that Plaintiff's allegations are not fully credible. (TR. at 15). "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence". *Walters* at 532. The ALJ's decision fully describes several areas in which her testimony is contradicted by the evidence in the record.

For instance, Plaintiff alleges pain due to her hernia repair surgeries. Her last hernia surgery was in June of 2005, well before the alleged disability onset date. (Tr. 30, 102, 478-482). While Plaintiff treated for abdominal pain in March and April of 2006, a CT scan revealed no obvious hernia. (Tr. 201, 202, 290, 504, 507). Plaintiff did not follow up with her treating physician for continued monitoring at that time. (Tr. 201, 507). Plaintiff's testimony, two years after the alleged onset date, is that she has daily abdominal pain following her hernia repairs, but there is no indication that Plaintiff takes any medication for this pain. (TR 15, 30-1). Taking mild or no medication for pain contradicts a claimant's allegations of disabling pain. *Maher v. Sec'y of Health and Human Services*, 898 F.2d 1106, 1109 (6th Cir. 1989).

Additionally, Plaintiff testified, and the record shows, that she performs a number of household duties such as dusting, running the sweeper and cleaning. Plaintiff also has custody of three grandchildren, ages 3 months, 4 years and 5 years. While she has

assistance, Plaintiff makes lunches for the children, gets her grandson off to school on the bus, and plays with and takes care of the youngest child during the day. A claimant's daily activities are relevant to the limitations that symptoms have on her capacity to work. See 20 C.F.R. §416.929(c)(3)(i). Plaintiff's alleged limitations are contradicted by evidence of his daily activities, which provides substantial evidence in support of the ALJ's credibility finding.

The ALJ found that the variety of daily activities in which Plaintiff engages are consistent with the ability to perform light or sedentary work.

In sum, there was substantial evidence to support the ALJ's decision that Plaintiff was not disabled within the meaning of the Social Security Act. The ALJ appropriately documented the rationale underlying her decision. The ALJ acted properly by examining the evidence presented to her and resolving any conflicts based upon the record.

### V. CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED:**

(1) That Plaintiff's motion for summary judgment [Record No. 8] be, and the same hereby is, **DENIED**; and

(2) That the Commissioner's motion for summary judgment [Record No. 9] be, and the same hereby is, **GRANTED**.

This the 28th day of March, 2011.


Signed By:
*Joseph M. Hood*
Senior U.S. District Judge